[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a dissolution of marriage action; the plaintiff Denise Flanagan is 47 years old, and the defendant, Thomas Flanagan is 48 years old. They were married on June 30, 1972, and have one child, Sean C. Flanagan, who was born on April 13, 1981, and is therefore 15 years old. Sean lives with his mother in the former marital home at 40 Otis Drive, Watertown, Connecticut.
The court characterizes this marriage as having been troubled for many years leading up to January 1995, when the parties separated. They must bear equal responsibility for the breakdown of their marriage. Both parties are presently dating, but there is no evidence that either did prior to this separation.
The plaintiff has a bachelor's degree, a master's degree in Special Education, and a sixth year teaching certificate. She worked as a full time teacher after her marriage; stopped teaching around the time Sean was born, and has taught part time since he began school about ten years ago. In 1993, she had brain surgery caused by an aneurysm, but has made a fairly good recovery. She now CT Page 5578-AAAAA works about ten hours a week as a Special Education teacher of homebound emotionally disturbed teenagers, earning $124.00 a week gross, and probably is capable of working more hours than ten, but fewer than forty.
The defendant has a bachelor's degree, a master's degree in Industrial Relations, and has worked throughout the marriage in the field of corporate human resources. His health is excellent. For the last five years he has been employed as corporate manager of the human resources department at Pepperidge Farm, Inc. Because of recent wholesale corporate restructuring at Campbell Soups, Inc., parent company of Pepperidge Farms, the plaintiff lost his job as of September 6, 1996, but because of a severance package, he will be paid his full salary of $77,900 per year, through December 31, 1996. There was evidence that the defendant's job performance was unsatisfactory, but the court finds that corporate restructuring was the major reason.
Sean is a student at a private day school which costs approximately $15,000 per year.
The parties have owned three successive homes during the course of their marriage, upgrading each time. They accomplished this through their joint efforts. In addition to the money they have earned through employment, the plaintiff received $20,000 from the settlement of an auto accident case, and large sums of money over the years from her two aunts, and to a much lesser degree, from her parents. The court views all of these as gifts to the plaintiff, defendant and Sean as a family unit, and not as gifts to the plaintiff individually. It is immaterial therefore in whose name or names any bank accounts may be. The court also concludes that the parties have both made a substantial contribution to the acquisition of the tangible assets which are now held by either or both of them. The defendant's earning capacity is significantly greater than the plaintiff's, because of the nature of their respective work and because of her less than excellent health.
The parties have agreed to sell the marital home after the necessary repairs and sprucing up are done.
Much of the furniture and furnishings in the home was a gift from the plaintiff's aunts.
Both parties have Deferred Compensation Assets; present value of the plaintiff's is approximately $57,500, and of the CT Page 5578-BBBBB defendant's, approximately $103,000.
The plaintiff has a life insurance policy with a cash value of $768.00, and the defendant has a life policy with a cash value of $11,723.
After considering all the evidence in the trial, both oral testimony and the exhibits, in conjunction with the statutory criteria of Conn. Gen. Stat. § 46b-81, et seq., and having evaluated the credibility of the witnesses, the court finds that the marriage has broken down irretrievably, and makes the following orders:
1. The marriage is dissolved.
2. The defendant shall pay child support in the amount of $210.00 per week, which the parties have stipulated is the amount called for by Child Support Guidelines.
3. The parties shall have joint legal custody of Sean, physical custody to the plaintiff, and reasonable and flexible rights of visitation to the defendant. Sean's wishes with respect to visitation are to be considered.
4. The defendant is ordered to pay the plaintiff the sum of $200.00 per week as alimony until her death, remarriage, cohabitation, or until she reaches the age of 65, whichever comes first. When she reaches the age of 65, if she is receiving alimony it shall be reduced to $1.00 per week.
5. The former marital home at 490 Otis Drive, Watertown, CT which has an equity of approximately $173,000, is to be listed for sale after the necessary repairs and painting are completed, within the next six months. The parties will each pay one-half the cost of this work that exceeds insurance proceeds, up to a maximum of $2,500.00 per person. Upon closing of the sale of the house, after payment of all encumbrances and customary closing costs, the plaintiff is awarded 2/3rds and the defendant 1/3rd of the net proceeds. Until the closing, the plaintiff shall have exclusive use of the premises, shall assume and pay the mortgage, taxes and insurance, and hold the defendant harmless thereon. The court maintains jurisdiction over the sale of the home.
6. The defendant shall pay to the plaintiff one-half the cash value of his Conn. Mutual life insurance policy, less one-half of the cash value of the plaintiff's Prudential life insurance policy. CT Page 5578-CCCCC Such payment must be made on or before April 1, 1997.
7. All bank accounts held by the parties, whether individually or jointly with each other, shall be divided equally.
8. The $85,000 stock portfolio and the American Bank account listed on the plaintiff's financial affidavit as being for the benefit of the child, are to be placed in a trust account for the benefit of the child for education purposes. The parties shall be joint trustees, and the signature of both is to be required for any withdrawal. Any money or stock remaining in the trust after Sean's education has been completed shall continue to be held in trust until he reaches the age of 25, at which time all trust funds shall be paid to him. If he continues in private high school, the cost will be paid out of this trust fund.
9. The defendant's shares of Northeast Utilities are awarded to him. All other stock owned by either or both parties, shall be divided equally.
10. The defendant shall designate the child as the irrevocable beneficiary on all existing or comparable life insurance policies, until he completes high school or sooner reaches age 19. At that time the defendant shall designate the plaintiff as the irrevocable beneficiary on these policies until his obligation to pay more than $1.00 per year alimony ceases. He shall furnish her with evidence of such request upon reasonable request.
11. Each party is exclusively entitled to his or her deferred compensation plan, pension, retirement benefits, annuity or 401K plan.
12. The defendant shall maintain existing or comparable medical health insurance through his employer for the benefit of the minor child until he completes high school or sooner reaches the age of 19. If such benefits are not available through his employment, the plaintiff shall provide those benefits through her employment, if available. The parties shall each pay one-half the cost, if any, of such insurance, or if neither party can obtain this insurance through their employment, they are to purchase private comparable insurance and share equally in the cost. They shall divide equally all unreimbursed medical, dental, orthodontic, psychiatric, psychological and pharmaceutical expenses incurred for the minor child. CT Page 5578-DDDDD
13. The defendant shall reimburse the plaintiff by February 1, 1997, in the amount of $1264.86, which represents money he received from his flex account for her medical bills and the minor child's medical bills, but which he did not turn over to her. As long as he has a flex account he shall use it to pay any unreimbursed expenses for the child and the plaintiff.
14. The defendant shall cooperate in making available to the plaintiff any health insurance benefits to which she may be entitled under COBRA; the plaintiff shall pay any costs of this insurance.
15. Any furniture and furnishings, being used primarily by the minor child is awarded to the plaintiff. Each party is awarded his or her own personal belongings such as clothes and jewelry. Any furniture or furnishings that came from the plaintiff's aunts is awarded to her; any that came from the defendant's relatives is awarded to him. All other furniture, furnishings and personal property in and at the former marital home shall be equally divided between the parties.
16. The plaintiff is awarded the 1990 Ford Taurus Wagon and the defendant is awarded the 1988 Ford Taurus, and the 1996 Honda Accord. Each party shall hold the other harmless from any and all obligations related to their respective vehicles.
17. Each party shall assume and hold the other harmless from all federal, state, social security or self-employment tax liability attributable to their respective employment income.
18. The plaintiff shall have the right to claim the minor child as a dependent for federal and state income tax purposes for the tax year 1996. Thereafter the defendant will have this right for odd numbered tax years, and the plaintiff for even numbered tax years.
19. The plaintiff shall assume and hold harmless the defendant from the liabilities shown in Section 3 of her 9/5/96 financial affidavit, except for the Wesson Oil debt. of the balance due on that debt of $2,750, the plaintiff shall pay $625.00 and the defendant $2,125.
20. The defendant shall pay to the plaintiff an allowance to prosecute in the amount of $2,500.00, which must be paid by July 1, CT Page 5578-EEEEE
RICHARD A. WALSH, J.